**AMERICAN FEDERATION OF GOVERNMENT EMPLOYEES, Local 2986, Petitioner**

v.

**FEDERAL LABOR RELATIONS AUTHORITY, Respondent**

**Nos. 96–1344, 96–1363.**

United States Court of Appeals, District of Columbia Circuit.

Argued Nov. 18, 1997.

Decided Nov. 28, 1997.

Anne M. Wagner argued the cause for petitioners, with whom Mark Roth was on the briefs.

Ann M. Boehm, Attorney, Federal Labor Relations Authority, argued the cause for

---

respondent, with whom David M. Smith, Solicitor, and William R. Tobey, Deputy Solicitor, were on the brief.

Before: EDWARDS, Chief Judge, WALD and RANDOLPH, Circuit Judges.

PER CURIAM:

We dismiss the petitions for review of the decisions of the Federal Labor Relations Authority ("Authority") in *American Federation of Government Employees, Local 2986*, 51 F.L.R.A. No. 126 (July 19, 1996), and *American Federation of Government Employees, Local 3006*, 51 F.L.R.A. No. 142 (July 31, 1996), for want of jurisdiction.

In these cases, Locals 2986 and 3006 of the American Federation of Government Employees ("Unions") sought severance pay pursuant to 5 U.S.C. § 5595 (1994 & Supp. 1996), on behalf of former civilian technicians of the National Guard who were terminated from their positions because of their failure to maintain membership in the National Guard. In both cases, arbitrators awarded severance pay to the former technicians, and the National Guard Bureau filed exceptions to the arbitration awards with the Authority. The Authority purported to review the arbitrators' decisions under 5 U.S.C. § 7122(a) (1994); in each case, the Authority overturned the awards granting severance pay. The Unions seek review of the Authority's decisions, claiming that the Authority did not have jurisdiction under § 7122(a) to consider the National Guard Bureau's exceptions to the arbitration awards.

This court lacks jurisdiction under 5 U.S.C. § 7123 to review the Authority's decisions in these cases. We do not discern a violation of a clear statutory mandate by the Authority which would warrant judicial intervention under standards of the sort enunciated in *Leedom v. Kyne*, 358 U.S. 184, 79 S.Ct. 180, 3 L.Ed.2d 210 (1958), and like precedent. Moreover, this case does not come within the compass of the holding in *United States Dep't of Treasury v. FLRA*, 43 F.3d 682 (D.C.Cir.1994), pursuant to which this court might have jurisdiction to review the Author-

ity's decisions. Accordingly, the petitions for review are dismissed.